1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                           NORTHERN DISTRICT OF CALIFORNIA

9

10   TED PAUL INIGUEZ,                           No. C 04-2387 SI (pr)

11           Petitioner,                         **ORDER**

12       v.

13   SCOTT KERNAN, warden,

14           Respondent.

15   _____/

16

17                                    **INTRODUCTION**

18       Ted Paul Iniguez filed this pro se action seeking a writ of habeas corpus pursuant to 28

19   U.S.C. § 2254.  The court reviewed the petition, determined that three of the five claims in it

20   were claims for state law error only and the other two claims presented claims for violations of

21   Iniguez's federal constitutional rights.  The court dismissed the state law error claims and ordered

22   respondent to show cause why the writ should not issue on the two other claims.  Respondent

23   filed an answer and petitioner filed a traverse.

24       After filing his traverse, Iniguez filed a "motion for reconsideration of ground two."  This

25   order addresses that motion.  For the reasons discussed below, the court will deny the motion

26   for reconsideration, but permit Iniguez to amend his petition and to request a stay so that he may

27   exhaust state court remedies as to the new claim.

28

*United States District Court*

For the Northern District of California

**BACKGROUND**

Iniguez was convicted of, among other things, two counts of vehicle theft with a prior vehicle theft conviction.   He was sentenced under a statute that provides for increased punishment for vehicle theft if the thief previously has been convicted of vehicle theft.  See Cal. Penal Code § 666.5.  The increased punishment may only be imposed if there has been a finding that the defendant suffered a prior vehicle theft conviction.[1]   Iniguez's problem is that he received the increased punishment under California Penal Code § 666.5 for one who had a prior vehicle theft conviction even though a trier of fact had never determined that he had suffered such a prior vehicle theft conviction.  Iniguez asserts in his motion for reconsideration that he wants to present a claim for federal habeas relief based on the § 666.5 sentencing problem. Specifically, he wants to assert that his federal constitutional right to due process was violated because a trier of fact never found by proof beyond a reasonable doubt that he had suffered a prior vehicle theft conviction and, therefore, his sentence is longer than allowed by state law.[2]

The California Court of Appeal considered claims regarding the § 666.5 sentencing problem and "remand[ed] the matter for further proceedings and resentencing."  Cal. Ct. App. Opinion, p. 30.  Iniguez's petition for review was denied by the California Supreme Court. There is no indication in the record whether further proceedings and resentencing occurred.

---

[1]California Vehicle Code § 10851(a), the general vehicle theft statute, provides for punishment of imprisonment in the county jail for not more than a year or in the state prison or by a fine or by fine and imprisonment.  California Penal Code § 666.5 provides for increased punishment for vehicle theft with a prior vehicle theft conviction:  vehicle theft with a prior vehicle theft is punishable by 2, 3, or 4 years in prison, a fine or both imprisonment and a fine. Section 666.5(c) requires that the "existence of any fact which would bring a person under subdivision (a) shall be alleged in the information or indictment and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

[2]Iniguez's rather wordy motion for reconsideration is unclear whether he wants to assert several different claims concerning his vehicle theft sentence or is just making several points in support of his basic due process argument. For example, he urges that he did not voluntarily and intelligently waive his right to a jury trial on the prior vehicle theft conviction, at pages 5, 6 and 10, and urges that there was a violation of his "notice to the jury trial jury guarantees of the Sixth and Fourteenth Amend.," at page 10.  Whether these are separate claims or just arguments in support of why there was a due process violation, they suffer the same exhaustion problem discussed in the text of this order and therefore require the same treatment.

**DISCUSSION**

This is a situation where resolving the problem is a rather complicated matter. Iniguez has filed a motion that cannot get him the relief he wants; he needs to amend his petition, but doing so will cause an exhaustion problem that he will need to file another motion to address. The court will discuss the several concerns and steps necessary to reach the ultimate direction it gives to the petitioner.

First, the record is incomplete on a critical fact. The court cannot determine from the record whether the proceedings on remand ordered by the California Court of Appeal occurred.[3] As a result, this court does not know if a trier of fact has determined whether Iniguez suffered a prior vehicle theft conviction and if he was resentenced. The absence of this information matters because this court does not decide moot questions or issue advisory opinions. See U.S. Const. Art. III, § 2; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies" and throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") If, for example, the proceedings on remand have occurred, the allegation that Iniguez had suffered a prior vehicle theft conviction has been found not true and he has been resentenced without any enhancement for a prior vehicle theft conviction, the claim about the original sentence would be moot. There does not appear to be any habeas relief that is needed or could be granted. If, however, the proceedings on remand have not yet occurred, this court would have to issue an advisory opinion based on several hypothesized outcomes of future proceedings. Iniguez must inform this court whether the resentencing has occurred and, if so, the result thereof. Unless the same sentencing error was made in the proceedings on remand, Iniguez must explain why there is a viable federal due process claim for this court to decide.

---

[3]The California Court of Appeal remanded for "further proceedings and resentencing." Cal. Ct. App. Opinion, p. 30. The remand required that a trier of fact determine whether Iniguez had suffered a prior vehicle theft conviction. Once that determination was made, Iniguez had to be resentenced based on that finding.

Second, the claim for relief discussed in the motion for reconsideration is unexhausted. A petitioner must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in his petition for writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The court may not adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. at 522.

Iniguez's petition for review in his only case in the California Supreme Court did not contain the claim that Iniguez's federal constitutional right to due process was violated by the § 666.5 sentencing problem. The § 666.5 sentencing problem is discussed in the petition for review solely as a state law error. The petition for review does not include any mention of the U.S. Constitution's Fourteenth Amendment Due Process Clause. See Exh. 4, pp. 1, 2-4. State judicial remedies have not been exhausted for that claim. The claim cannot be adjudicated by this court unless and until Iniguez exhausts it by presenting it to the California Supreme Court to give that court a fair opportunity to rule on its merits.

Third, a motion for reconsideration is not the correct motion under the circumstances. Reconsideration is appropriate if there is newly discovered evidence, there has been a change in controlling law, or the court committed a clear error or made a manifestly unjust decision. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Iniguez meets none of the criteria for reconsideration. Most relevant to this situation, the court did not err in determining that "ground 2" in Iniguez's federal habeas petition presented only a state law error claim. Iniguez's federal habeas petition states that ground 2 is not a double jeopardy claim and is not a due process claim. Petition, pp. 27-28. Saying that something is not a double jeopardy claim and not a due process claim does not fairly present either federal claim to this court. Additionally, although Iniguez used the phrase "due process," he did not identify it as the due process right found in the federal constitution. In sum, because Iniguez's federal habeas petition did not assert a claim for a violation of Iniguez's Fourteenth Amendment right

to due process, this court did not err in determining that Claim 2 in the habeas petition was a state law error claim that did not state a claim for federal habeas relief.  Reconsideration of that decision is not warranted.

Fourth, amendment of the petition is the only way to have this court consider Iniguez's federal due process claim.  The motion for reconsideration will be construed liberally to also request leave to amend Iniguez's federal habeas petition to assert his federal constitutional due process claim based on the § 666.5 sentencing problem.  The court will grant leave to amend so that Iniguez may amend his petition to add the claim.

Fifth, although amendment will be allowed, amending the petition to add the federal constitutional due process claim will create a new procedural problem.  Adding the federal constitutional due process claim will cause the petition to be a "mixed" petition, i.e., one that contains exhausted claims and unexhausted claims.  See Rhines v. Weber, 125 S. Ct. 1528, 1532-33 (2005).  A petitioner with a mixed petition must choose one of several courses of action:

> (1)    dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or
>
> (2)    dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or
>
> (3)    file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

If the petitioner chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition.  See 28 U.S.C. § 2244(b).  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred.  See 28 U.S.C. § 2244(d).  If he chooses option (3), the petitioner must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on all of his unexhausted claims, and to return to this court.  And under option (3), this action stalls: this court will do nothing further

to resolve the case while petitioner is diligently seeking relief in the California Supreme Court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Rhines Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 125 S. Ct. at 1534. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 1535. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

If Iniguez wants to amend his petition to add the new claim and wants to use the stay-and-abeyance procedure, he needs to file with his amended petition a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. (Docket # 6.)

Iniguez may amend his petition no later than **April 7, 2006**. An amendment to the petition should be filed instead of an amended petition because it is only necessary for Iniguez to add a new federal constitutional due process claim regarding his § 666.5 sentencing problem; he does not need to plead his other claims again. The amendment to the petition also must state whether the proceedings on remand have occurred and what the results of those proceedings

were (i.e., whether he was found to have suffered a prior vehicle theft conviction), and the sentence imposed on remand.  If Iniguez contends that his sentence upon remand violates his federal right to due process, he must explain how and why it does.

If Iniguez files an amendment to his petition, he will then have a mixed petition.  If so, he must choose one of the three options identified in the paragraph that begins with the word "Fifth."  If he chooses option 3, he must file a motion for a stay so that this action may be stayed while he exhausts his unexhausted claims in the California Supreme Court.  His motion for a stay must be filed no later than **April 7, 2006**.

If Iniguez does not file an amendment to the petition and a motion for a stay by the deadline, the court will deem that to be a choice by Iniguez to abandon the federal due process claim concerning the § 666.5 sentencing problem.  In effect, it will have the same consequence as choosing option 1 discussed above.  The court will then consider the merits of the claims that already have been briefed.

Respondent must file any opposition to the amendment or motion for stay no later than **April 28, 2006**.

IT IS SO ORDERED.

DATED:  February 17, 2006

SUSAN ILLSTON
United States District Judge

7