UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TED PAUL INIGUEZ,    No. C 04-2387 SI (pr)

    Petitioner,    **ORDER DENYING STAY AND DENYING HABEAS PETITION**

    v.

SCOTT KERNAN, warden,

    Respondent.
                                    /

### INTRODUCTION

Ted Paul Iniguez filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is now before the court for consideration of Iniguez's motion for a stay and abeyance as well as for a consideration of the merits of the habeas petition. For the reasons discussed below, the court denies the motion for a stay and abeyance and denies the petition on the merits.

### BACKGROUND

A.    The Crimes

The evidence of the several crimes of which Iniguez was convicted was recited in respondent's exhibit 4, the California Court of Appeal's opinion (hereinafter "Cal Ct. App. Opinion"). The facts are only briefly summarized because they are largely irrelevant to the claims asserted in the federal petition.

Iniguez was convicted of two counts of unlawfully driving or taking of a vehicle. A 2001 Toyota 4-Runner and a 1997 Acura LR were stolen from a car dealership. Police were called by Henriette Agredano, who thought that Iniguez had stolen the Toyota and parked it near her home. Iniguez, who was a friend of one of Agredano's sons, was apprehended hiding in Agredano's home. Fingerprints were taken from the Toyota and the Acura that matched Iniguez's fingerprints. Agredano suspected Iniguez was stealing cars when she saw him working with tools on a car in her driveway and observed little metal boxes (perhaps lock boxes for keys) on her driveway and was told they came off a stolen vehicle. Another witness had seen Iniguez prying a key lock box off a vehicle.

Iniguez also was convicted of two counts of dissuading or attempting to dissuade a witness by threat of force and one count of making a criminal threat. Iniguez had sent a letter to Agredano that suggested that harm would befall her if she didn't recant her statements to police, sent another letter to her (written by him but bearing the name "Frank Mendez" as the sender) that threatened to harm or kill her and another witness as well as to destroy her property, and had telephone conversations with his brother and girlfriend in which he instructed them to threaten and cause harm to Agredano, her family and home.

B.   Procedural History

Following a jury trial in Santa Clara County, Iniguez was convicted in 2001 of two counts of unlawfully taking a vehicle, two counts of dissuading or attempting to dissuade a witness by threat of force, and one count of making criminal threats. See Cal. Veh. Code § 10851(a), Cal. Penal Code §§ 136.1(c)(1), 422. Sentence enhancement allegations that Iniguez had sustained a prior strike conviction and served two prior prison terms were found true. See Cal. Penal Code §§ 667, 1170.12. Iniguez was sentenced to 25 years in state prison. On July 24, 2003, the California Court of Appeal affirmed the judgment of conviction and remanded for further proceedings on a sentence enhancement allegation and resentencing. The proceedings took place on September 19, 2003, and Iniguez was again sentenced to 25 years in state prison. The California Supreme Court later denied Iniguez's petition for review.

Iniguez then filed this action. The court found that the habeas petition stated two claims cognizable in federal habeas: (1) his rights to due process and a jury trial were violated when the trial court failed to instruct on auto tampering and malicious mischief to a vehicle as lesser included offenses to unlawful taking and driving of a motor vehicle, and (2) his right to due process was violated by the lack of notice of the factual basis for the charge of making a criminal threat. The court dismissed several other claims for state law errors. The court issued an order to show cause. Respondent filed an answer and Iniguez filed a traverse.

After the petition was fully briefed, Iniguez moved for a stay and abeyance so that he could exhaust state court remedies and present claims concerning the sentence enhancement he received as a result of his conviction of vehicle theft with a prior conviction for vehicle theft. Respondent opposed the motion.

**DISCUSSION**

A.   Motion For Stay

Iniguez filed a motion for stay and abeyance so that he could return to state court to exhaust state court remedies as to claims he wanted to present about the sentence enhancement he received under California Vehicle Code §§ 666.5/10851 for being convicted of unlawful taking or driving a vehicle after having a prior conviction for vehicle theft. The details concerning that enhancement and the background that led to the motion for a stay and abeyance are described in the court's February 21, 2006 order and will not be repeated here. Respondent opposed the motion and argued that a stay was inappropriate because the claims sought to be exhausted were meritless. The court agrees with respondent's position.

A district court may stay a mixed habeas petition to allow the petitioner to exhaust his unexhausted claims in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure for mixed habeas petitions. Rhines cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a

petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not plainly meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Iniguez's motion falters on the requirement that the unexhausted claims not be plainly meritless.

Iniguez wants a stay to exhaust claims that his Fifth, Sixth and Fourteenth Amendment rights were violated because the state failed to plead and prove his prior vehicle theft conviction. He urges that the sentence enhancement violated his constitutional rights because "the District Attorney never independently alleged in [the] accusatory pleading with respect to dates or time when the allegation set forth in Penal Code section 666.5 was committed by petitioner." Motion For Stay And Abeyance, p. 2. This claim is plainly meritless because the fact of the prior vehicle theft conviction triggers § 666.5 and that was adequately alleged in the indictment. See CT 156 (alleging "within the meaning of Penal Code section 666.5 that prior to" the commission of the current theft charged, Iniguez previously was convicted of a violation of California Vehicle Code § 10851 in Santa Clara County Case No. 176808). The identification of the prior conviction by county of conviction, case number, and Vehicle Code section violated provided sufficient notice for the sentence enhancement allegation. The particulars of that crime, e.g., where and when Iniguez stole a vehicle, did not have to be pled or proven at a proceeding to determine the truth of the sentence enhancement allegation based on the conviction for the crime. A sentence enhancement allegation that a defendant has suffered a prior conviction does not open the door to relitigating the defendant's guilt or innocence of the crime leading to the conviction. There was no constitutional violation based on the absence of allegations about the particulars of how and when Iniguez committed the prior vehicle theft.

Iniguez also alleges that his constitutional rights were violated because a trier of fact never found true the prior conviction and it wasn't proven beyond a reasonable doubt. Motion For Stay And Abeyance, pp. 2-3. The claim has no possibility of succeeding under the

4

1 circumstances. The proceedings on remand concerning the prior vehicle theft conviction
2 allegation occurred as ordered by the California Court of Appeal, thus making moot any claims
3 concerning the original proceedings with regard to proof of the sentence enhancement allegation.
4 At the proceedings on remand, Iniguez waived his rights to a jury trial, to have the prosecution
5 prove its case beyond a reasonable doubt, to confront and cross-examine witness, to present a
6 defense, to testify and to avoid-self incrimination. Resp. Exh. 6, 9/19/03 RT 4-6. After waiving
7 those rights, he admitted the truth of the allegations that he had suffered a prior vehicle theft
8 conviction. Id. at 6. Having waived all his constitutional rights and admitted the truth of the
9 sentence enhancement allegation, Iniguez has no chance at all of prevailing on his constitutional
10 claims. Cf. Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration
11 of pre-plea constitutional deprivations).

The motion for stay and abeyance is DENIED because the claims for which a stay is sought are plainly meritless. (Docket # 9.) The court now turns to the merits of the two exhausted claims in the petition. They are ready for review because the motion for stay and abeyance was filed after those two claims were fully briefed on the merits.

B.   The Petition

   1.   Jurisdiction, Venue And Exhaustion

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Santa Clara County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

The parties do not dispute that state court remedies have been exhausted for the two claims the court found cognizable. See 28 U.S.C. § 2254(b), (c).

2.  Standard Of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may nor issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

3.  The Claims

   a.  Failure To Instruct On The Lesser-Included Offenses

Iniguez claims that the trial court erred in failing to sua sponte instruct on auto tampering and malicious mischief to a vehicle as lesser-included offenses to unlawful taking and driving of a motor vehicle. The jury was instructed on unlawful taking and driving of a motor vehicle,

6

and returned guilty verdicts on those two counts. No one sought, and the trial court did not give, instructions on the lesser-included offenses.

The state court of appeal rejected Iniguez's claim of instructional error. See Cal. Ct. App. Opinion, pp. 10-13. The appellate court stated that auto tampering (see California Vehicle Code § 10852) and malicious mischief (see California Vehicle Code § 10853) are lesser-included offenses to unlawful driving or taking of a vehicle under California Vehicle Code § 10851. However, the lesser-included offenses instructions were not necessary under state law because there was not enough evidence at trial to support them:

> Here, the evidence of unlawful taking or driving of the Toyota and the Acura indicated that defendant, if he was guilty at all, was guilty of the greater offense. Furthermore, reversal would not be required here even if we accepted defendant's claim of error.
>
> Agredano's testimony that she saw defendant driving each of the two vehicles was strengthened by other evidence. Paxson testified to seeing defendant on Agredano's driveway trying to remove the key lockbox from a newer Acura or Honda. The Toyota was parked on the street near Agredano's house and defendant was in her backyard when police responded to the report of a stolen vehicle. Defendant's fingerprints linked him to the stolen vehicles. In addition, evidence of defendant's initial flight and efforts to suppress Agredano's testimony by intimidation indicated his consciousness of guilt. (See Evid. Code, § 413.) The instructions, as a whole, clearly directed the jury to find defendant not guilty if it did not believe defendant had driven or taken the vehicles as alleged. Under all these circumstances, even assuming error, there is no reasonable probability that the jury would have convicted defendant of vehicle tampering or malicious mischief, instead of unlawful driving or taking of a vehicle, had the court instructed on those lesser offenses.

Cal. Ct. App. Opinion, pp. 12-13. The California Court of Appeal rejected the federal constitutional claim without discussion.

There is no clearly established rule that a trial court must instruct on all lesser included and lesser related offenses. Although instructions on lesser included offenses must be given in capital cases, Beck v. Alabama, 447 U.S. 625 (1980), "[t]here is no settled rule of law on whether Beck applies to noncapital cases such as the present one. In fact, this circuit, without specifically addressing the issue of extending Beck, has declined to find constitutional error arising from the failure to instruct on a lesser included offense in a noncapital case." Turner v. Marshall, 63 F.3d 807, 819 (9th Cir. 1995), cert. denied, 522 U.S. 1153 (1998), overruled on other grounds by Tolbert v. Page, 182 F.3d 677, 685 (9th Cir. 1999) (en banc). The failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present

7

a federal constitutional claim. See Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000), cert. denied, 534 U.S. 839 (2001); Windham v. Merkle, 163 F.3d 1092, 1105-06 (9th Cir. 1998). The failure to instruct on the lesser-included offenses of auto tampering and malicious mischief to a vehicle did not violate any constitutional right Iniguez possessed.

In his traverse, Iniguez shifted the focus of his constitutional claim a bit and argued that his right to due process was violated because he had been deprived of a state-created liberty interest in having the jury instructed on lesser-included offenses. See Traverse, p. 6. The shift in focus did not help him because the state appellate court explicitly determined he was not entitled to the instructions under state law. This court generally will not, in a habeas case, revisit a determination of state law by the state appellate court. See Hicks v. Feiock, 485 U.S. 624, 629-30 (1988) (court is not free to review state court's determination of state law); cf. id. at 630 n.3 (quoting West v. American Telephone & Telegraph Co., 311 U.S. 223, 237-38 (1940) (determination of state law made by an intermediate appellate court must be followed and may not be "'disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise'")). Once one accepts that Iniguez was not entitled under California law to the lesser-included offenses instruction, as the California Court of Appeal determined, the result for Iniguez's habeas claim is inevitable. The trial court's failure to sua sponte instruct on the lesser-included offenses was not an error under California law, did not deprive him of any state-created liberty interest in such instructions and therefore did not violate Iniguez's right to due process.

      b.  Notice Of The Charge Of Making A Criminal Threat

Iniguez contends he was not given sufficient notice of the charge of making a criminal threat. The indictment charged him with violating California Penal Code § 422 by making a threat against Agredano on or about November 1, 2000. See CT 157, 211. He urges that the accusatory pleading was deficient in that it "did not describe the nature, content, or means of communication of the threat, except conjunctively in the statutory language" and he never received notice of the specific factual basis of the criminal threat charge. See Petition, p. 30.

1  Iniguez urges that the lack of specificity harmed him in that he was required to negate three
2  possible theories of liability as he had made several potentially qualifying statements, i.e., his
3  telephonic statements to his girlfriend about harming Agredano, his telephonic statements to his
4  brother about harming Agredano, and the "Frank Mendez" letter he sent to Agredano. See Cal.
5  Ct. App. Opinion, pp. 5-10.

6        The California Court of Appeal considered and rejected Iniguez's arguments that the
7  indictment violated Iniguez's rights under California law, the California constitution and the
8  federal constitution.[1]  Cal. Ct. App. Opinion, pp. 17-19.  That court noted that the federal and
9  state constitutions required that a defendant be given notice of the charges adequate to give a
10 meaningful opportunity to defend against them and not be taken by surprise by the evidence
11 offered at trial.  Id. at 17.  Under state law, it was sufficient to state the charge in the statutory
12 language.  Id.  The appellate court further stated: "Due process does not require that [an]
13 accusatory pleading provide the particular factual circumstances of a charged offense.
14 [Citations.]  Greater detail of the charge is given to defendant by the evidence adduced in the
15 preliminary examination or in grand jury proceedings."  Id. at 17-18.  The court explained that
16 in a case prosecuted by indictment, such as Iniguez's, the defendant is entitled to a complete
17 transcript of the proceedings before the grand jury.  Id. at 18 n.4.  Iniguez "does not argue or
18 show that the evidence supporting the filing of the indictment, which charged him with making
19 a criminal threat against Agredano, failed to provide notice adequate to permit him to
20 meaningfully defend against the charge."  Id. at 18.  The state appellate court also concluded
21 that the trial court had no duty to instruct the jury of the factual basis for the charge.  Id.

22       The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly
23 informed of the nature and the cause of accusation against him.  See Calderon v. Prunty, 59 F.3d
24 1005, 1009 (9th Cir. 1995).  To determine whether a defendant has received fair notice of the
25 charges against him, the court looks first to the charging document, e.g., the information or

---

[1] That court also rejected an argument made by the prosecution concerning the criminal threat charge, determined that the "Frank Mendez" letter was the act that supported the criminal threat conviction, and determined that the telephonic statements were factually inadequate to support a guilty verdict on the criminal threat charge. Cal. Ct. App. Opinion, p. 24.

1 indictment. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). The principal purpose of the charging document is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare a defense. See id. It is not constitutionally defective if it states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against," Miller v. Stagner, 757 F.2d 988, 994 (9th Cir.) (quoting Russell v. United States, 369 U.S. 749, 763-64 (1962)), amended, 768 F.2d 1090 (9th Cir. 1985), cert. denied, 475 U.S. 1048, and cert. denied, 475 U.S. 1049 (1986), even if it does not state the method by which the crime was committed, Calderon, 59 F.3d at 1009. See, e.g., Brodit v. Cambra, 350 F.3d 985, 989 (9th Cir. 2003), cert. denied, 542 U.S. 925 (2004) (charging a defendant with the crime of three or more acts of sexual abuse in a specified time period, without identifying the precise dates when the abuse occurred, did not clearly violate clearly established Supreme Court law).  The right to notice of the charge does not include a constitutional right to notice of the evidence the state plans to use to prove the charge. See Gray v. Netherland, 518 U.S. 152, 168-69 (1996).

There was no constitutionally deficient notice in Iniguez's case. The charging document followed the statutory language, identified the victim, and gave an "on or about" date on which the crime occurred. The fact that Iniguez had done three things in that time period that he thought might qualify did not mean that he had a constitutional right to have the prosecution identify which particular act it thought amounted to making a criminal threat. The prosecutor amalgamated several different acts and argued for conviction based on the Frank Mendez letter and the phone conversations with Iniguez's girlfriend and brother – an erroneous legal theory, it turns out, see Cal. Ct. App. Opinion, p. 19-24 – but that does not mean that Iniguez did not have constitutionally sufficient notice of the charge against him   The language of the indictment was sufficient to encompass notification to him that the Frank Mendez letter he sent to Henriette Agredano was a factual basis for the charge. Iniguez was not blind-sided during trial by the factual basis of the charge against him; for example, more than two weeks before the trial started, his attorney wrote a motion in limine identifying the letters (rather than the telephonic statements) as the basis for the criminal threat charge. See CT 184.

Finally, the California Court of Appeal specifically pointed out the lack of factual support for Iniguez's lack-of-notice claim and Iniguez thereafter did nothing to develop the record to prove his point. The state appellate court wrote that Iniguez had not shown that the evidence failed, such as the grand jury transcripts that were by law available to him, failed to provide adequate notice to meaningfully defend against the charge. Cal. Ct. App. Opinion, p. 18. Nonetheless, Iniguez stuck with his argument; he did not seek rehearing, did not seek to augment the record on appeal (which did not include the grand jury transcripts), and did not otherwise try to show how the grand jury proceedings would not have provided him notice if he had looked at them. See, e.g., Petition For Review, pp. 5-6.

The California Court of Appeal's rejection of Iniguez's claim was not contrary to or an unreasonable application of clearly established federal law as set forth by the U.S. Supreme Court. He is not entitled to the writ on this claim.

## CONCLUSION

For the foregoing reasons, the motion for a stay and abeyance is DENIED and the petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 19, 2007

SUSAN ILLSTON
United States District Judge